# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:05CR374** |
| vs. | ) | |
| | ) | **ORDER** |
| **ROBERT JEFFREY J. LIMLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on defendant's motion [17] for a 60-day continuance of the trial, now set for May 16, 2006. Due to the length of the extension sought, I will require compliance with NECrimR 12.1(a)[1] before ruling on the motion.

**IT THEREFORE IS ORDERED** that defendant's motion [17] is held in abeyance pending compliance with NECrimR 12.1(a). Defendant is given until **Wednesday, May 10, 2006** to file the required waiver.

DATED May 4, 2006.

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**

---

[1] **12.1 Motions to Continue Trial.**
  **(a) Content of Motion.** Unless excused by the court in individual cases, a motion to continue the trial setting of a criminal case must state facts demonstrating that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, (see 18 U.S.C. § 3161(h)(8)), or that for some other reason, the continuance will not violate the Speedy Trial Act. Unless excused by the court in individual cases, if the defendant is a moving party the motion shall be accompanied by the defendant's affidavit or declaration (see 28 U.S.C. § 1746) stating that defendant:
    (1) Was advised by counsel of the reasons for seeking a continuance;
    (2) Understands that the time sought by the extension may be excluded from any calculation of time under the Speedy Trial Act, 18 U.S.C. § 3161 et seq.; (3) With this understanding and knowledge, agrees to the filing of the motion; and
    (4) Waives the right to a speedy trial.